UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY BLACKMAN,

    Plaintiff,

v.

JERRY BROWN, et al.,

    Defendants.

No. 2:17-cv-1534 DB P

ORDER

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

In July 2017, plaintiff filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2). Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

| | |
|---|---|
| 1 | A review of court records reveals that on at least seven occasions, lawsuits filed by the |
| 2 | plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to |
| 3 | state a claim upon which relief may be granted: <u>Blackman v. Hartwell</u>, No. 1:99-cv-05822-REC- |
| 4 | HGB PC (E.D. Cal. Mar. 12, 2001) (dismissed for failure to state a claim); <u>Blackman v. Taxdahl</u>, |
| 5 | No. 1:04-cv-06389-AWI-NEW-(DLB) (E.D. Cal. Feb. 27, 2007) (dismissed for failure to state a |
| 6 | claim); <u>Blackman v. Medina</u>, No. 3:05-cv-05390-SI (N.D. Cal. Mar. 13, 2006) (dismissed for |
| 7 | failure to state a claim); <u>Blackman v. Evans</u>, No. 1:06-cv-00081-GSA (E.D. Cal. Feb. 3, 2009) |
| 8 | (dismissed for failure to state a claim); <u>Blackman v. Variz</u>, No. 3:06-cv-06398-SI (N.D. Cal. Dec. |
| 9 | 18, 2006) (dismissed for failure to state a claim); <u>Blackman v. Mantel</u>, No. 3:07-cv-02609-SI |
| 10 | (N.D. Cal. Sept. 5, 2007) (dismissed for failure to state a claim), and <u>Blackman v. Nicholson</u>, No. |
| 11 | 1:13-cv-01978-LJO-SAB (E.D. Cal. Jan. 10, 2014) (dismissed for failure to state a claim). |
| 12 | Filings in violation of 28 U.S.C. § 1915(g) are called "strikes." In at least two other cases |
| 13 | plaintiff has filed in this court, it has been found that plaintiff has more than three "strikes" and |
| 14 | thus, pursuant to Section 1915(g), has limitations on any future filings in this court with in forma |
| 15 | pauperis status. <u>See</u> <u>Blackman v. Mjening</u>, No. 1:16-cv-01421-LJO-GSA PC (E.D. Cal. Oct. 4, |
| 16 | 2016) (finding five of plaintiff's prior cases constitute "strikes"); <u>see</u> <u>also</u> <u>Blackman v.</u> |
| 17 | <u>Bracamonte</u>, No. 3:17-cv-00059-LAB-JLB (S.D. Cal. Jun. 15, 2017) (finding six of plaintiff's |
| 18 | prior cases constitute "strikes"). The court herein makes the same determination, specifically, |
| 19 | that plaintiff has more than three strikes, and therefore, he may only bring actions in this court |
| 20 | with in forma pauperis status if he is under imminent danger of serious physical injury at the time |
| 21 | he files the action. <u>See</u> 28 U.S.C. § 1915(g); <u>see</u> <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1055-56 |
| 22 | (9th Cir. 2007) (establishing plausible allegation of ongoing danger standard). |
| 23 | A close review of plaintiff's eleven-page complaint and over forty pages of attachments |
| 24 | and notes reveals no indication that plaintiff is currently under imminent danger or serious |
| 25 | physical injury as the law requires. <u>Id.</u> at 1053. Although plaintiff writes the words "emergency |
| 26 | complaint" at the top of his pleading (<u>see</u> ECF No. 1 at 1), plaintiff has not alleged any specific |
| 27 | facts therein which support this statement. Instead, plaintiff identifies more than sixty defendants |
| 28 | in the complaint, complains of transfers of cases previously filed, alleges he is being falsely |

imprisoned, and asserts that said imprisonment entitles him to a full pardon as well as to a $65 million-dollar payout. (See ECF No. 1 at 2-7).

In sum, because plaintiff has brought more than three civil actions in this court under the in forma pauperis statute that have been dismissed for failure to state a claim, and because plaintiff has not established in the instant complaint that he is currently under imminent danger of serious physical injury, plaintiff is precluded from bringing this action under the in forma pauperis statute. See 28 U.S.C. § 1915(g); see also Andrews, 493 F.3d at 1053. Plaintiff may, however, proceed with this action if he submits the appropriate filing fee of $350.00, plus the $50.00 administrative fee. See 28 U.S.C. § 1914(a)-(b).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is DENIED, and

2. Plaintiff shall submit, within twenty-one days from the date of this order, the appropriate filing fee of $350.00, plus the $50.00 administrative fee.

Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: December 8, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER CIVIL RIGHTS/blac1534.1915g.ifp

3