| | |
|---|---|
| TONY BLACKMAN, | No. 2:17-cv-1534 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATION |
| JERRY BROWN, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated below, the undersigned recommends that plaintiff's motion for in forma pauperis status be denied pursuant to 28 U.S.C. § 1915(g), and that upon the appointed district court judge's adoption of this order, plaintiff be given fourteen days to pay the requisite filing and administrative fees or have this action dismissed.

Plaintiff filed his complaint and submitted an incomplete application to proceed in forma pauperis on July 24, 2017. (See ECF Nos. 1, 2). The court sent plaintiff its consent to a magistrate judge form on July 26, 2017. (See ECF No. 3). However, it was never returned by plaintiff.

////

////

1

Ultimately, after a directive issued by the court, plaintiff's in forma pauperis application was completed on July 28, 2017, pursuant to 28 U.S.C. § 1915. (See ECF Nos. 4, 5). Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A review of court records reveals that on at least seven occasions, lawsuits filed by the plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted: Blackman v. Hartwell, No. 1:99-cv-05822-REC-HGB PC (E.D. Cal. Mar. 12, 2001) (dismissed for failure to state a claim); Blackman v. Taxdahl, No. 1:04-cv-06389-AWI-NEW-(DLB) (E.D. Cal. Feb. 27, 2007) (dismissed for failure to state a claim); Blackman v. Medina, No. 3:05-cv-05390-SI (N.D. Cal. Mar. 13, 2006) (dismissed for failure to state a claim); Blackman v. Evans, No. 1:06-cv-00081-GSA (E.D. Cal. Feb. 3, 2009) (dismissed for failure to state a claim); Blackman v. Variz, No. 3:06-cv-06398-SI (N.D. Cal. Dec. 18, 2006) (dismissed for failure to state a claim); Blackman v. Mantel, No. 3:07-cv-02609-SI (N.D. Cal. Sept. 5, 2007) (dismissed for failure to state a claim), and Blackman v. Nicholson, No. 1:13-cv-01978-LJO-SAB (E.D. Cal. Jan. 10, 2014) (dismissed for failure to state a claim).

In addition, throughout plaintiff's eleven-page complaint with over forty pages of attachments and notes, there is no indication that plaintiff is currently under imminent danger or serious physical injury as the law requires. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (requiring imminent danger exists at time action is filed). Although plaintiff writes the words "emergency complaint" at the top of his pleading (see ECF No. 1 at 1), plaintiff has not alleged any specific facts therein which support this statement. Instead, plaintiff identifies more than sixty defendants in the complaint, complains of transfers of cases previously filed, alleges he

is being falsely imprisoned, and asserts that said imprisonment entitles him to a full pardon as well as to a $65 million-dollar payout. (See ECF No. 1 at 2-7).

In sum, plaintiff has brought more than three civil actions in this court under the in forma pauperis statute that have been dismissed for failure to state a claim. Further, plaintiff has not established in the instant complaint that he is currently under imminent danger of serious physical injury. Therefore, plaintiff is precluded from bringing this action under the in forma pauperis statute. See 28 U.S.C. § 1915(g); see also Andrews, 493 F.3d at 1053.

Accordingly, on December 8, 2017, the court signed an order denying plaintiff's motion to proceed with in forma pauperis status. (See ECF No. 6). At that time, plaintiff was also told that if he still wished to proceed with the instant action, then pursuant to 28 U.S.C. § 1914(a)-(b), he would have to submit the $350.00 filing fee plus the $50.00 administrative fee within twenty-one days of the date of the order. (See ECF No. 6 at 3). However, all parties had not consented to a magistrate judge's jurisdiction.

Therefore, the December 2017 order denying plaintiff in forma pauperis status must be vacated. See 28 U.S.C. § 636(c)(1) (requiring consent of all parties for jurisdiction to vest in magistrate judge to hear and decide civil case that district court judge would otherwise hear); see also Williams v. King, 875 F.3d 500, 503-505 (9th Cir. 2017) (holding magistrate judge lacks jurisdiction to dismiss complaint if consent of all parties to have magistrate judge hear matter has not first been obtained); Tripati v. Rison, 847 F.2d 548 (9th Cir. 1988) (stating denial of motion to proceed in forma pauperis is final judgment and magistrate judge may not enter final judgment on said motion absent parties' consent to have magistrate judge decide motion and enter judgment); Joseph v. Noguchi, No. 17-16389, (9th Cir. filed Nov. 14, 2017) (citing to Tripati) (remanding with instructions to vacate magistrate judge's order denying leave to proceed in forma pauperis due to lack of all parties' consent and thus, lack of jurisdiction).

Accordingly, IT IS HEREBY ORDERED that:

1. The court's order issued December 11, 2017 (ECF No. 6) be VACATED, and
2. The Clerk of the Court randomly assign a district judge to this case.

////

3

In addition, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis be DENIED pursuant to 28 U.S.C. 1915(g);

2. Plaintiff be ordered to pay the requisite filing and administrative fees within fourteen days of the adoption of these findings and recommendations in order to proceed in this matter, and

3. The case be dismissed should plaintiff fail to pay the requisite filing and administrative fees within the allotted time period.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 10, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/blac1534.1915g.ifp.f&r

4